UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID SANBORN and CECILIA A. SANBORN,

    Plaintiff,

v.

ASBESTOS CORPORATION, LTD., et al.,

    Defendant.
_____/

No. C 08-5260 PJH

**ORDER STAYING THE INSTANT ACTION**

Before the court are plaintiffs David and Cecilia Sanborn's ("plaintiffs") motions to remand, which defendants United Technologies Corporation ("UTC") and The Boeing Company ("Boeing") (collectively "defendants") oppose. Also before the court is Boeing's request to transfer this action. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing scheduled for January 28, 2009. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby STAYS the instant action, for the reasons stated below

**BACKGROUND**

This is an asbestos-injury action. The complaint herein alleges asbestos-related personal injury claims by plaintiff David Sanborn and a loss of consortium claim by his wife, Cecilia Sanborn. Plaintiffs allege that David Sanborn is dying from malignant mesothelioma caused by exposure to asbestos products manufactured by defendants during his service as an aircraft mechanic in the United States Air Force from 1958 to 1985.

This action was originally filed on October 6, 2008, in the Superior Court of the State of California, Alameda County. Boeing removed the action on November 20, 2008, on the basis of federal officer jurisdiction under 28 U.S.C. 1442(a)(1). Upon removing this action

to federal court, Boeing filed a Notice of Pendency of Other Proceedings, notifying this court that the action appears to involve all or a material part of the same subject matter as other actions pending in the Eastern District of Pennsylvania, where all federal court asbestos injury claims have been centralized pursuant to the July 29, 1991 Order of the Judicial Panel on Multidistrict Litigation ("MDL Panel") for coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). In its notice, Boeing requested that this action be transferred to the Eastern District of Pennsylvania, for inclusion in Multidistrict Litigation Proceeding 875, *In re Asbestos Products Liability Litigation* ("MDL No. 875"), because it involves injuries allegedly suffered from exposure to asbestos, and because transfer would avoid conflicts, conserve judicial resources, and promote the efficient determination of the action. On November 24, 2008, Boeing filed notice of a tag-along action, notifying this court that the this action is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania. Plaintiffs moved to remand on December 19, 2008. On January 9, 2009, the MDL Panel issued a conditional transfer order, transferring this action under § 1407 to the Eastern District of Pennsylvania.[1]

## DISCUSSION

While Boeing has not moved for a stay, the MDL Panel's issuance of a conditional transfer order has raised the issue of whether the instant action should be stayed until a final decision regarding transfer is rendered by the MDL Panel.

A.  Legal Standard

Cases pending in different districts involving common questions of fact may be transferred by the MDL Panel to another district for consolidated pretrial proceedings. See 28 U.S.C. § 1407(a). "The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." Good v. Prudential Ins. Co. of Am., 5 F.Supp.2d 804, 809 (N.D. Cal. 1998). The decision to grant or deny a temporary stay of

---

[1] The court notes that while Boeing did not expressly state that it filed notice of a tag-along action with the MDL Panel, the court assumes that Boeing did so given the MDL Panel's issuance of a conditional transfer order.

2

proceedings pending a ruling on the transfer of the matter to the MDL court lies within the court's discretion. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) (the power to stay proceedings is "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication."); Good, 5 F.Supp.2d at 809 ("Courts frequently grant stay pending a decision by the MDL Panel") (citing cases). A stay "is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997) (staying action pending transfer decision by MDL Panel after finding that judicial resources would be conserved and defendant would not be prejudiced).

B.  Analysis

Because a final decision by the MDL Panel is likely to be made soon, and therefore the prejudice to plaintiffs will be minimal, and because a stay will further the aim of judicial efficiency by preventing a duplication of proceedings before this court, the court finds that a stay of this action is appropriate. The court therefore stays the instant action until a final decision regarding transfer is rendered by the MDL Panel. Accordingly, plaintiffs' motions to remand and Boeing's request to transfer are in abeyance until a transfer is conferred or denied by the MDL Panel. Should transfer not be ordered by the MDL Panel, the court will restore these motions to the hearing calendar. The parties shall notify the court as soon as they learn of the outcome before the MDL Panel.

## CONCLUSION

For the reasons stated above, the court STAYS the instant action until a final decision regarding transfer is rendered by the MDL Panel.

**IT IS SO ORDERED**

Date: January 27, 2009

PHYLLIS J. HAMILTON
United States District Judge

3