UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID SANBORN and CECILIA A. SANBORN,

    Plaintiffs,

    v.

ASBESTOS CORPORATION, LTD., et al.,

    Defendants.
_____/

No. C 08-5260 PJH

**ORDER LIFTING STAY TO ALLOW PLAINTIFFS TO DEPOSE DAVID SANBORN**

Before the court is plaintiffs David and Cecilia Sanborn's ("plaintiffs") administrative motion to lift the stay entered on January 27, 2009, for the limited purpose of allowing plaintiffs to depose David Sanborn on February 17, 2009. Defendants United Technologies Corporation ("UTC") and The Boeing Company ("Boeing") (collectively "defendants") oppose the motion. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby lifts the stay to allow plaintiffs to depose David Sanborn, for the reasons stated below

**BACKGROUND**

This is an asbestos-injury action. The complaint herein alleges asbestos-related personal injury claims by plaintiff David Sanborn and a loss of consortium claim by his wife, Cecilia Sanborn. Plaintiffs allege that David Sanborn is dying from malignant mesothelioma caused by exposure to asbestos products manufactured by defendants during his service as an aircraft mechanic in the United States Air Force from 1958 to 1985.

This action was originally filed on October 6, 2008, in the Superior Court of the State of California, Alameda County. Boeing removed the action on November 20, 2008, on the basis of federal officer jurisdiction under 28 U.S.C. 1442(a)(1). Upon removing this action to federal court, Boeing filed a Notice of Pendency of Other Proceedings, notifying this

court that the action appears to involve all or a material part of the same subject matter as other actions pending in the Eastern District of Pennsylvania, where all federal court asbestos injury claims have been centralized pursuant to the July 29, 1991 Order of the Judicial Panel on Multidistrict Litigation ("MDL Panel") for coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). In its notice, Boeing requested that this action be transferred to the Eastern District of Pennsylvania, for inclusion in Multidistrict Litigation Proceeding 875, *In re Asbestos Products Liability Litigation* ("MDL No. 875"), because it involves injuries allegedly suffered from exposure to asbestos, and because transfer would avoid conflicts, conserve judicial resources, and promote the efficient determination of the action. On November 24, 2008, Boeing filed notice of a tag-along action, notifying this court that this action is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania. Plaintiffs moved to remand on December 19, 2008. On January 9, 2009, the MDL Panel issued a conditional transfer order, transferring this action under § 1407 to the Eastern District of Pennsylvania.[1]

On January 27, 2009, the court stayed the instant action until a final decision regarding transfer is rendered by the MDL Panel. The court reasoned that because a final decision by the MDL Panel is likely to be made soon, and therefore the prejudice to plaintiffs will be minimal, and because a stay will further the aim of judicial efficiency by preventing a duplication of proceedings before this court, the court finds that a stay of this action is appropriate. On January 30, 2009, plaintiffs filed an administrative motion seeking to lift the stay for the limited purpose of deposing David Sanborn. Oppositions were filed by defendants on February 2, 2009.

**DISCUSSION**

Plaintiffs move for an order lifting the stay to allow them to depose David Sanborn on February 17, 2009. Plaintiffs argue that such relief is warranted because David Sanborn's

---

[1] The court notes that while Boeing did not expressly state that it filed notice of a tag-along action with the MDL Panel, the court assumes that Boeing did so given the MDL Panel's issuance of a conditional transfer order.

doctor has asserted that he is dying from malignant mesothelioma, that his condition is deteriorating, and that he will likely die of his condition or its complications in the next two to four months. Deborah Rosenthal ("Rosenthal") Decl., Exh. A. Plaintiffs maintain that David Sanborn will suffer irreparable injury if the court does not lift the stay and allow his deposition to be taken given that it is likely that he might die before the MDL Panel issues a final decision regarding transfer of this action. Defendants, for their part, do not dispute that David Sanborn's deposition is an important deposition in this case, nor do defendants argue that allowing the deposition would be prejudicial or otherwise cause any hardship. Rather, defendants oppose the instant motion on the following two grounds: (1) plaintiffs have not presented any evidence that was not before the court prior to the stay of this action; and (2) plaintiffs motion is an improper motion for reconsideration and/or administrative relief.

After considering the arguments of both parties, the court finds that good cause exists to lift the stay to allow David Sanborn to be deposed. David Sanborn is a key witness in this case possessing evidence central to plaintiffs' claims and may not be available for deposition by the time the MDL Panel issues its final decision.[2] The court finds that allowing this deposition to proceed now will not result in duplicative work since David Sanborn's deposition will be taken at some point in this litigation regardless of the outcome of the MDL's final decision. As to the prejudice or hardship that defendants might suffer from allowing David Sanborn's deposition to be taken, the court finds, on balance, that the need for taking David Sanborn's deposition, in consideration of the administration of justice, outweighs any possible prejudice or hardship placed on defendants. Defendants did not articulate any prejudice or hardship that they would suffer from this court allowing

---

[2] On January 23, 2009, plaintiffs filed an opposition to the MDL Panel's conditional transfer order issued on January 9, 2009. Rosenthal Decl., Exh. D. Plaintiffs' thus have 15 days from January 23, 2009 to file and serve a Motion to Vacate the Conditional Transfer Order. Id. Although it is unclear when a hearing will be set given that the MDL Panel only holds hearing sessions every two months (January, March, May, July, September and November), it appears that the motion to vacate will not take place until, at the earliest, sometime in March or May. Rosenthal Decl., Exh. J.

plaintiffs to depose David Sanborn.  Plaintiffs, on the other hand, identified irreperable harm that might occur if the court does not allow plaintiffs to depose David Sanborn.  Accordingly, plaintiffs motion to lift the stay for the limited purpose of deposing David Sanborn is granted.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to lift the stay of the instant action to allow David Sanborn to be deposed is GRANTED.  David Sanborn's deposition is to be taken by plaintiffs on February 18, 19, or 20, 2009, whichever date is more convenient for the defendants.  The deposition will take place at the residence of David Sanborn, 1295 South Cawston Avenue, Hemet, CA 92543.

**IT IS SO ORDERED**

Date:  February 5, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

4